NOT DESIGNATED FOR PUBLICATION

No. 118,713

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT C. SHOEMATE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed June 29, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Robert Shoemate appeals the district court's decision to revoke his probation and require that he serve his underlying prison sentence. Shoemate suggests that the district court should have entered intermediate sanctions first, such as a short jail stay followed by a return to probation.

But Shoemate admitted to the district court that he had committed three new offenses while on probation—criminal use of a weapon, possession of marijuana, and driving while a habitual offender. And that gave the district court the discretion to send him to prison. We find no abuse of discretion in the district court's decision to do so.

Shoemate was placed on probation after he pleaded guilty to third-offense driving under the influence of alcohol, an off-grid felony, and defacing identification marks on a firearm, a severity-level-10 nonperson felony. The district court sentenced Shoemate to 12 months of probation for each offense, to be served concurrently (at the same time). Shoemate received underlying sentences of 12 months in jail for felony DUI and 6 months in prison for defacing a firearm that he would have to serve concurrently if he did not successfully complete probation. Under mandatory-sentencing requirements for third-offense DUI, the district court ordered Shoemate to serve 3 days in jail and 177 days of house arrest before being released on probation. See K.S.A. 2017 Supp. 8-1567(b)(1)(D).

Around five months later, the State alleged several probation violations in an arrest warrant, and Shoemate admitted to all the violations. The violations included using cocaine, methamphetamine, and alcohol, and trying to falsify a urine test. The court ordered Shoemate to serve 180 more days on house arrest, to obtain a new substance-abuse evaluation, and to follow his treatment plan.

While Shoemate was still under house arrest, the State moved to revoke his probation, alleging that Shoemate had committed new crimes. At a hearing, Shoemate admitted that he'd committed the offenses: criminal possession of a firearm; driving while a habitual offender; and possession of marijuana. This time, the district court revoked Shoemate's probation and ordered him to serve his underlying sentence.

When a convicted felon violates the terms of probation, Kansas law generally provides that he or she receive an intermediate sanction, such as a short jail stay followed by a return to probation, rather than being sent to prison on the first violation. K.S.A. 2017 Supp. 22-3716(c)(1). But there's an exception to the general rule: intermediate sanctions aren't required when the offender commits a new crime. See K.S.A. 2017 Supp. 22-3716(c)(8). Here, Shoemate committed three new crimes while on probation.

Accordingly, we review the district court's decision in Shoemate's case only for abuse of discretion. Unless the court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the trial court. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). We find nothing unreasonable about the district court's decision here. Although Shoemate testified that he was employed and hoped to coach his daughter's softball team, Shoemate violated his probation twice—once by using drugs and alcohol and another time by committing three new crimes. A reasonable person could agree with the district court's decision to impose his underlying sentence.

On Shoemate's motion, we accepted this appeal for summary disposition under K.S.A. 2017 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). We have reviewed the record available to the sentencing court, and we find no error in its decision to revoke Shoemate's probation.

We affirm the district court's judgment.